Floyd W. Bybee, #012651
**LAW OFFICE OF**
**FLOYD W. BYBEE, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-3398
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anthony J. Wolkow**, an individual; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Scottsdale Collection Services, LLC,** an Arizona limited liability company; | |
| Defendant. | (Jury Trial Demanded) |

Plaintiff, Anthony J. Wolkow, by and through counsel undersigned and in good faith, alleges as follows:

**I.   PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA").  Plaintiff seeks an award of statutory

damages, actual damages, costs and attorney's fees.

## II. STATUTORY STRUCTURE OF FDCPA.

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person

who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.   JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA) and 28 U.S.C. § 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### IV.   PARTIES

9. Plaintiff is a citizen of Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA § 1692a(3).
11. Defendant Scottsdale Collection Services, LLC ("SCS") is an Arizona limited liability company.

12. SCS is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905222.
13. SCS regularly collects or attempts to collect debts owed or asserted to be owed or due another.
14. SCS regularly collects or attempts to collect debts which it has purchased after default.
15. SCS is a "debt collector" as defined by FDCPA § 1692a(6).

## V.   FACTUAL ALLEGATIONS

16. Prior to 2006, Plaintiff allegedly incurred a debt originally owed to Next Stage Financial Group, LLC.
17. The alleged debt was incurred for personal, family, and household purposes.
18. On or about March 3, 2006, SCS sent Plaintiff a collection letter concerning the Next Stage debt.
19. On or about March 31, 2006, Plaintiff's counsel, Norman Rosenblum, sent SCS a letter on behalf of Plaintiff disputing the Next Stage debt, and requesting verification of the debt.
20. Neither Plaintiff nor his attorney received any response to the March 31, 2006 letter.
21. In March 2008, Plaintiff first learned that SCS had reported the Next Stage debt to one or more of the three national consumer reporting agencies.

22. On March 20, 2008 Plaintiff's attorney sent SCS a letter reminding SCS that Plaintiff had previously dispute the alleged debt, and had requested verification. Plaintiff also demanded that SCS correct the matter by deleting its tradeline from the consumer reporting agencies.

23. The March 20, 2008 letter was returned by the post office and resent on April 14, 2008 to SCS.

24. Subsequent to the March 20, 2008 letter, Plaintiff learned from SCS that the Next Stage account it was attempting to collect allegedly originated with Chase Bank.

25. On May 16, 2008, Plaintiff's attorney sent SCS another letter and one page from Plaintiff's May 15, 2008 Trans Union credit report showing that Chase was reporting the account closed, paid in full, and last reported in 1999.

26. Counsel again requested in the May 16, 2008 letter that SCS provide a complete itemization of charges and records for the last payments made on the account, or in the alternative, to delete its tradeline from Plaintiff's credit reports.

27. On May 27, 2008, Plaintiff's attorney again wrote SCS concerning the Next Stage account.

28. In the May 27, 2008 letter, counsel confirmed his

      phone conversation with Pam at SCS that "a man came in and took your file and that you had no records."

29. Counsel also attached a copy of Plaintiff's credit reports showing that it was SCS who was reporting the Next Stage account to the credit bureaus.

30. And again, demand was made to SCS to delete its tradeline from Plaintiff's credit reports.

31. On June 10, 2008, SCS sent Plaintiff a letter confirming that the Next Stage account "is paid in full and that no further collection attempts will be made on it."

32. SCS also stated in its letter that it had agreed to have all information concerning the Next Stage account removed from Plaintiff's credit reports.

33. On July 3, 2008, Plaintiff's attorney faxed a letter to SCS together with a copy of Plaintiff's credit reports showing that the account has not been deleted from the credit bureaus.

34. On July 7, 2008, Plaintiff's counsel sent SCS another letter and a copy of Plaintiff's credit report showing that the SCS tradeline was still reporting to Trans Union and Equifax.

35. In July 2008, Plaintiff attempted to refinance the mortgage on his home in order to lower his interest rate, but was denied due to the continued credit

      reporting of the Next Stage account by SCS.

36. Plaintiff also received notice from American Family Insurance that he had not received the most favorable insurance rates for his homeowners insurance policy due to the derogatory credit reporting by SCS.

37. Plaintiff obtained copies of his credit reports on September 16, 2008.

38. Both Equifax and Trans Union were still reporting the SCS tradeline, and showing that it was updated as recently as August 2008 to Equifax and September 2008 to Trans Union.

39. Plaintiff obtained his credit reports again on September 17, 2008.

40. This report showed that SCS's reporting to Equifax was updated in September 2008.

41. SCS's actions as outlined above were taken as part of its persistent and routine practice of debt collection.

42. SCS has continued to report inaccurate, derogatory and improper information and failed to retract, delete and/or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein.

43. As a result and proximate cause of Defendant's

actions, Plaintiff has suffered actual damages, and continues to suffer damages.

## VI.   CAUSES OF ACTION

### a.   Fair Debt Collection Practices Act

44. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

45. Defendant SCS's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f(1) and 1692g.

46. As a direct result and proximate cause of Defendant SCS's violations of the FDCPA, Plaintiff has suffered actual damages for which it is liable.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b) Actual damages for the FDCPA violations in an amount to be determined at trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d)   Such other relief as may be just and proper.


DATED   January 13, 2009   .


                                 s/ Floyd W. Bybee
                              Floyd W. Bybee, #012651
                              **LAW OFFICE OF**
                              **FLOYD W. BYBEE, PLLC**
                              4445 E. Holmes Ave., Suite 107
                              Mesa, AZ 85206-3398
                              Office:   (480) 756-8822
                              Fax: (480) 302-4186
                              floyd@bybeelaw.com

                              Attorney for Plaintiff