1  Floyd W. Bybee, #012651
   **BYBEE LAW CENTER, PLC**
2  4445 E. Holmes Ave.
   Suite 107
3  Mesa, AZ 85206-3398
   Office:  (480) 756-8822
4  Fax: (480) 302-4186
   floyd@bybeelaw.com
5
   Attorney for Plaintiff
6

7

8              **UNITED STATES DISTRICT COURT**

9                **DISTRICT OF ARIZONA**

10
                                        )
11 **Anthony J. Wolkow**, an             )   No.  CV 09-0087-PHX-MHM
   individual;                          )
12                                       )
                                        )
13     Plaintiff,                        )   **FIRST AMENDED**
                                        )      **COMPLAINT**
14 v.                                    )
                                        )
15 **Scottsdale Collection**            )
   **Services, LLC,** an Arizona        )
16 limited liability company; )
                                        )
17     Defendant.                        )
                                        )   (Jury Trial Demanded)
18                                       )

19      Plaintiff, Anthony J. Wolkow, by and through counsel

20 undersigned and in good faith, for his First Amended

21 Complaint alleges as follows:

22              **I.   PRELIMINARY STATEMENT**

23 1.  Plaintiff brings this action for damages based upon

24     Defendant's violations of the Fair Debt Collection

25     Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter

1    "FDCPA").   Plaintiff seeks an award of statutory

2    damages, actual damages, costs and attorney's fees.

3                **II.   STATUTORY STRUCTURE OF FDCPA.**

4    2.   Congress passed the FDCPA to eliminate abusive debt

5         collection practices by debt collectors, to insure

6         that those debt collectors who refrain from using

7         abusive    debt    collection    practices    are    not

8         competitively   disadvantaged,   and   to   promote

9         consistent state action to protect consumers against

10        debt collection abuses. 15 U.S.C. § 1692.

11   3.   The FDCPA is designed to protect consumers who have

12        been   victimized   by   unscrupulous   debt   collectors

13        regardless of whether a valid debt exists.  Baker v.

14        G.C. Services Corp., 677 F.2d 775, 777 (9th Cir.

15        1982).

16   4.   The FDCPA defines a "consumer" as any natural person

17        obligated or allegedly obligated to pay any debt.

18        15 U.S.C. § 1692a(3).

19   5.   The   FDCPA   defines   "debt"   as   any   obligation   or

20        alleged   obligation   of   a   consumer   to   pay   money

21        arising out of a transaction in which the money,

22        property,   insurance,   or   services   which   are   the

23        subject   or   the   transaction   are   primarily   for

24        personal, family, or household purposes.  15 U.S.C.

25        § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.   15 U.S.C. § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action.  15 U.S.C. § 1692k.

### III.   JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV.   PARTIES

9. Plaintiff is a citizen of Maricopa County, Arizona.

10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by  15 U.S.C. § 1692a(3).

11. Defendant  Scottsdale  Collection  Services,  LLC

1    ("SCS") is an Arizona limited liability company.

2    12.  SCS is licensed as a collection agency by the

3         Arizona Department of Financial Institutions,

4         license number 0905222.

5    13.  SCS regularly collects or attempts to collect debts

6         owed or asserted to be owed or due another.

7    14.  SCS regularly collects or attempts to collect debts

8         which it has purchased after default.

9    15.  SCS is a "debt collector" as defined by 15 U.S.C. §

10        1692a(6).

11                  **V.   FACTUAL ALLEGATIONS**

12   16.  Prior to 2006, Plaintiff allegedly incurred a debt

13        for personal, family, and household purposes.

14   17.  Sometime prior to March 3, 2006, the debt was

15        assigned or sold, or otherwise transferred to Next

16        Stage Financial.

17   18.  On or about March 3, 2006, SCS sent Plaintiff a

18        collection letter concerning the alleged debt owed

19        to Next Stage Financial.

20   19.  On March 31, 2006, Plaintiff's lawyer, Norman

21        Rosenblum, sent SCS a letter on behalf of Plaintiff

22        disputing the debt, and requesting verification.

23   20.  Neither Plaintiff nor his attorney received any

24        response to Rosenblum's March 31, 2006 letter.

25   21.  SCS has never provided Plaintiff with verification

1    of the alleged debt owed to Next Stage Financial.

2  22.  In March 2008, Plaintiff learned that SCS had

3    reported the alleged debt owed to Next Stage

4    Financial to one or more of the three national

5    consumer reporting agencies.

6  23.  On March 20, 2008, Mr. Rosenblum sent SCS a letter

7    on behalf of Plaintiff reminding SCS that Plaintiff

8    had previously disputed the debt and had requested

9    verification, but had not received any verification

10    of the alleged debt.  Mr. Rosenblum, on behalf of

11    Plaintiff, also demanded that SCS correct the matter

12    by deleting the account from Plaintiff's credit

13    report(s).

14  24.  The March 20, 2008 letter was returned by the post

15    office and resent on April 14, 2008 to SCS.

16  25.  Subsequent to sending the March 20, 2008 letter, SCS

17    informed Plaintiff that the alleged debt owed to

18    Next Stage Financial that it was attempting to

19    collect originated with Chase Bank.

20  26.  On May 16, 2008, Plaintiff's attorney sent SCS a

21    letter, together with a page from Plaintiff's May

22    15, 2008 Trans Union credit report which showed that

23    Chase Bank had reported Plaintiff's account as

24    closed and paid in full as of 1999.

25  27.  Mr. Rosenblum also requested in the May 16, 2008

1   letter that SCS provide a complete itemization of

2   the charges and records for the last payments made

3   on the alleged debt owed to Next Stage Financial, or

4   in the alternative, to remove the account from

5   Plaintiff's credit reports.

6   28. On May 27, 2008, Mr. Rosenblum again wrote SCS on

7   behalf of Plaintiff concerning the alleged debt owed

8   to Next Stage Financial.

9   29. Mr. Rosenblum confirmed in the May 27, 2008 letter,

10   the phone conversation he had with Pam at SCS who

11   had told him that "a man came in and took your file

12   and that you had no records."

13   30. Mr. Rosenblum also attached a copy of Plaintiff's

14   credit reports showing that it was SCS who had

15   reported the alleged debt owed to Next Stage

16   Financial to the credit bureaus.

17   31. Mr. Rosenblum also demanded in his May 27, 2008

18   letter that SCS remove its reporting of the alleged

19   debt owed to Next Stage Financial from Plaintiff's

20   credit reports.

21   32. On June 10, 2008, SCS sent Plaintiff a letter

22   confirming that the alleged debt owed to Next Stage

23   Financial "is paid in full and that no further

24   collection attempts will be made on it."

25   33. SCS also stated in its letter dated June 10, 2008,

that it had agreed to remove all information concerning the alleged debt owed to Next Stage Financial from Plaintiff's credit reports.

34. SCS confirmed in its June 10, 2008 letter that Universal Data Form #41867126 had been sent to Trans Union, Equifax and Experian on May 29, 2008 requesting removal of its tradeline from Plaintiff's credit reports.

35. On July 3, 2008, Mr. Rosenblum faxed a letter to SCS together with a copy of Plaintiff's credit reports showing that the account has not yet been deleted from the credit bureaus.

36. On July 7, 2008, Plaintiff's counsel sent SCS another letter and a copy of Plaintiff's credit report showing that the SCS tradeline was still reporting to Trans Union and Equifax.

37. In July 2008, Plaintiff attempted to refinance the mortgage on his home in order to lower his interest rate, but was denied due to SCS's continued credit reporting of the alleged debt owed to Next Stage Financial.

38. Plaintiff also received notice from American Family Insurance that he had not received the most favorable insurance rates for his homeowners insurance policy due to the derogatory credit

1    reporting by SCS.

2    39. Plaintiff obtained copies of his credit reports on

3        September 16, 2008.

4    40. Both Equifax and Trans Union reflected that SCS was

5        still reporting of the alleged debt owed to Next

6        Stage Financial, and showed that SCS had in fact

7        updated its reporting of said account as recently as

8        August 2008 to Equifax and September 2008 to Trans

9        Union.

10   41. Plaintiff obtained copies of his credit reports

11       again on September 17, 2008.

12   42. These reports showed that SCS had updated its

13       reporting of the alleged debt owed to Next Stage

14       Financial to Equifax in September 2008.

15   43. SCS's actions as outlined above were taken as part

16       of its persistent and routine practice of debt

17       collection.

18   44. SCS has continued to report inaccurate, derogatory

19       and improper information, and has failed to retract,

20       delete and/or suppress inaccurate, derogatory and

21       improper information about the Plaintiff, as

22       described more fully herein.

23   45. As a result and proximate cause of Defendant's

24       actions, Plaintiff has suffered actual damages, and

25       continues to suffer damages.

1

**VI.   CAUSES OF ACTION**

2

**a.   Fair Debt Collection Practices Act**

3  46. Plaintiff repeats, re-alleges, and incorporates by

4       reference the foregoing paragraphs.

5  47. Defendant SCS's actions taken within one year of

6       January 13, 2008, violated the FDCPA including, but

7       not necessarily limited to, 15 U.S.C. §§ 1692e,

8       1692e(2)(A), 1692e(8), 1692e(10), 1692f(1) and

9       1692g.

10 48. As a direct result and proximate cause of Defendant

11      SCS's violations of the FDCPA, Plaintiff has

12      suffered actual damages for which SCS is liable.

13

**VII.   DEMAND FOR JURY TRIAL**

14      Plaintiff hereby demands a jury trial on all issues

15 so triable.

16

**VIII.   PRAYER FOR RELIEF**

17      WHEREFORE, Plaintiff requests that judgment be

18 entered against Defendant for:

19      a)   Statutory damages of $1,000 pursuant to FDCPA §

20           1692k;

21      b)   Actual damages in an amount to be determined at

22           trial;

23      c)   Costs and reasonable attorney's fees pursuant to

24           § 1692k; and

25

1      d)        Such other relief as may be just and proper.

2

3      DATED   April 20, 2009   .

4

5                              s/ Floyd W. Bybee
                             Floyd W. Bybee, #012651
6                            **BYBEE LAW CENTER, PLC**
                             4445 E. Holmes Ave.
7                            Suite 107
                             Mesa, AZ 85206-3398
8                            Office:  (480) 756-8822
                             Fax: (480) 302-4186
9                            floyd@bybeelaw.com

10                           Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25