Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ  85295-3023
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Anthony J. Wolkow,**<br><br>              Plaintiff,<br><br>v.<br><br>**Scottsdale Collection Services, LLC,**<br><br>              Defendant. | No. CV 09-087-PHX-MHM<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR  PARTIAL SUMMARY JUDGMENT** |

First, Plaintiff has established all necessary elements to support his claim that Defendant violated sections 1692e, 1692e(2)(A), 1692e(8), and 1692e(10) of the FDCPA.  Second, Defendant accepted all material facts by not providing competent countering evidence as mandated by D. Ariz. Local Civ. Rule 56.1(b). Defendant's affidavits and declarations are not based upon personal knowledge and therefore should not be considered in determining Plaintiff's motion for partial summary judgment.

**A.   Plaintiff Has Established the Necessary Elements of a Claim Under the FDCPA.**

Plaintiff has clearly established the necessary elements of his claims under the FDCPA. SCS's attempt to create a dispute concerning a material fact is based solely upon hearsay affidavits, unsupported arguments of the law, and a twisting of the undisputed facts.

First, SCS attempts to create disputed facts without providing any admissible evidence to support its position. For instance, Plaintiff's Statement of Fact number 6 stated that "SCS sent a collection letter dated March 3, 2006, which he received shortly thereafter." SCS attempted to controvert this fact by arguing ". . . in addition to the March 3, 2006 letter SCS has letters showing that it contacted Plaintiff regarding account #152210 multiple times from October 31, 2005 through February 3, 2006." These statements do not controvert SOF ¶ 6. Moreover, SCS's reference to Exhibits A4 and A5 to support this contention, are base upon inadmissable evidence (*See* Plaintiff's objections to CSOF 40). Plaintiff's additional reference to Exhibit C, paragraph 3, is also unsupported. Exhibit C appears to be a complete copy of SCS's responses to Plaintiff's first discovery request. However, there is no paragraph 3 identified in Exhibit C's 73 pages. SCS likewise attempts to controvert Plaintiff's Statement of Fact numbers 8, 11, 17,18, and 25. These statements must be deemed admitted since SCS has provided no admissible evidence to support its dispute as to these facts.

**B.   The Affidavit of Byron Boyce and the Declaration of Gregory G. McGill Are Not Based on Personal Knowledge and Are Therefore Inadmissible under Rule 56(e)(1).**

Rule 56(e)(1) states:

> A supporting or opposing affidavit must be made on

personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.

The Affidavit of Byron Boyce fails to show that the facts stated therein are based upon his personally knowledge, and that he is competent to testify to the matters stated. Moreover, the documents referred to by Boyce in his Affidavit have not been authenticated, and many were created solely for this litigation. Thus, the matters asserted in the Boyce Affidavit are hearsay, and not admissible as evidence, and therefore should not be considered in support of SCS's Response to Plaintiff's motion.

The Declaration of Gregory G. McGill is likewise not based on personal knowledge.[1] He states very clearly in his Declaration that the statements are made "to the best of his knowledge and belief." Moreover, the matters stated in his Declaration are not relevant to any claim or defense in this case. Thus, McGill's Declaration should also not be considered by the Court in support of SCS's Response to Plaintiff's motion.

**C.   Whether a Debt Is Owed Has No Bearing on Plaintiff's FDCPA Claims.**

SCS also argues against Plaintiff's motion asserting that because Plaintiff did not pay the alleged debts, his claims against SCS for violating the FDCPA are a "windfall" which should not be allowed. (*See* Response p. 3 ln. 18 – 21, 27 –

---

[1] McGill references Rule 80 of the Arizona Rules of Procedure which does not apply to this federal action. It does not appear that the Federal Rules of Civil Procedure has any rule similar to this Rule 80.

1  28; p. 5 ln. 1 – 2, 21 – 22, 25 – 27).  However, this argument was rejected years
2  ago by the Ninth Circuit Court of Appeals in the case of <u>Baker v. G.C. Services</u>
3  <u>Corp.</u>, 677 F.2d 775, 777 (1982).  The Court stated that "even though [Baker]
4  stated he did owe the entire debt, [he] had standing to assert any violations of the
5  Act." *Id.*  The Supreme Court recently reaffirmed that a debt collector who fails to
6  comply with any provision of the FDCPA with respect to any person is liable to
7  such person for actual damages, costs, reasonable attorney's fee as determined by
8  the court, and statutory damages.  <u>Jerman v. Carlisle, McNellie, Rini, Kramer &</u>
9  <u>Ulrich LPA</u>, __ S.Ct. __, 2010 WL 1558977 (U.S.).
10     Whether or how much Plaintiff owed on a debt is not a factor to be
11  considered in an FDCPA case.  <u>Keele v. Wexler</u>, 149 F3d 589, 594 (7th Cir.
12  1998); *see also* <u>McCartney v. First City Bank</u>, 970 F.2d 45 (5th Cir. 1992).  The
13  legislative history supports the contention that a debtor has standing to complain
14  of violations of the Act, regardless of whether a valid debt exists.  15 U.S.C. §
15  1692a(3) ("allegedly obligated to pay any debt").  Plaintiff here has consistently
16  maintained that he does not owe the alleged debt or debts SCS attempted to
17  collect.  And, SCS never provided <u>any</u> proof of the alleged debts.  Nevertheless, it
18  is clear that whether Plaintiff owed the debt has no bearing on his claims that SCS
19  violated the FDCPA.

20  **D.  Plaintiff's Failure to Dispute the Debt(s) Within the 30 Day
        Verification / Validation Period Does Not Preclude His Claims
21      Under the FDCPA.**

22     SCS repeatedly argues that Plaintiff's claims are precluded by his failure to
23  timely request validation under 15 U.S.C. § 1692g(b). (See Response p. 2 ln. 17 –
24  22, 27 – 28; p. 3 ln. 1 – 2, 7 – 8, 21 – 25, 27 – 28; p. 4 ln. 10 – 12; p. 5 ln. 3 – 5,
25  16 – 17, 26 – 27; p. 6 ln. 9 – 10).  There again, SCS's arguments are not

1 supported by the law.

2 Failure to dispute a debt within the 30 day verification / validation period under 15 U.S.C. § 1692g, does not preclude claims for other violations of the FDCPA. For instance, "an oral dispute [of the debt] triggers multiple statutory protections." Camacho v. Bridgeport Financial Inc., 430 F.3d 1078, 1081 (9th Cir. 2005). The "[o]ral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute. 15 U.S.C. § 1692e(8)." *Id*. at 1082; *see also* Stiff v. Wilshire Credit Corp., 2006 WL 141610 (D.Ariz. Jan. 17, 2006)("The fact that Plaintiff does not allege that he notified SCS in writing that he disputed the debt does not preclude Plaintiff's claim for violations of subsection 1692e(8).")

The FDCPA does not focus upon the actions of the consumer, which is presumed to include even the least sophisticated consumer, but rather focuses on the actions of the debt collector. *See* Keele v. Wexler, 149 F.3d. at 595 ("Its language focuses primarily, if not exclusively, on the conduct of the debt collectors, not debtors."); *see also* Baker v. G.C. Services, 677 F.2d 775.

Here, Plaintiff claims SCS failed to include in its reporting of the alleged debt to the credit reporting agencies that the debt was disputed in violation of 15 U.S.C. § 1692e(8). Subsection 1692e(8) clearly mandates this "notice of dispute" to be conveyed when communicating to the credit reporting agencies. SCS's argument that Plaintiff somehow gave up this rights when he did not dispute the debt within 30 days of receipt of the initial written communication fails under the clear reading of the statute, and the controlling law in this Circuit.

**E. SCS Has Consistently Mixed Up the Two NSFG Accounts Assigned to SCS.**

1    It appears obvious that SCS itself has repeatedly mixed up the two accounts
2 it attempted to collect from Plaintiff, both of which had been assigned to it by
3 NSFG.  Many of SCS's records and communications concerning Plaintiff used
4 only the "Reference" number 100304, without any specific notation as to one or
5 the other of the NSFG accounts (*See* e.g. Exhibits H and I).

6    This confusion is most clearly borne out in SCS's two attempts to delete
7 the 6747648 account from Plaintiff's credit bureau.  The UDF associated with the
8 first attempt in May 2008 (Plaintiff's Exhibit K) shows reference to account
9 number 100304152210.  In addition, the UDF associated with SCS's second
10 attempt to delete the 647648 account in May 2009 (Plaintiff's Exhibit J), well
11 after this lawsuit was filed, again referenced the account number 100304152210.

12    Moreover, SCS's letter of June 10, 2008 telling Plaintiff that it was
13 deleting its tradeline from his credit bureau made reference only to the 100304
14 number.  This was done despite Boyce's earlier notation placed in SCS's
15 collection notes that SCS had received the attorney letter "ASKING FOR
16 VERIFICATION FOR ACC[OUN]T 152210 WHICH WAS CANCELLED
17 (LETTER REFERS TO THIS BEING ON THE CR[EDIT] B[UREAU],
18 HOWEVER IT'S THE OTHER ACC[OUN]T WHICH HAS BEEN
19 REPORTED)."

20 **F.   SCS's Continued Reporting of Its Tradeline to the Credit
      Bureaus Precluded Plaintiff from Refinancing His Home
21    in the Summer of 2008.**

22    SCS also argues on page 3 of its Response that "Wolkow could not have
23 reasonably relied upon the June 10, 2008 letter in his refinancing when the
24 refinancing occurred in March 2008."  To support this argument, SCS refers to all
25 of its controverting statement of facts (1-52) and to Exhibit F, the Boyce

1  Affidavit.  First, as stated above, Boyce's Affidavit is not based on personal
2  knowledge and should be disregarded.  Second, this is a misstatement of the
3  undisputed facts.

4  Plaintiff testified in his affidavit that in March 2008, he looked into
5  refinancing his mortgage and at that time learned of SCS's reporting of the
6  derogatory account to his credit bureaus.  SOF ¶¶ 3 and 4.  Plaintiff also testified
7  that it was SCS's continued reporting of the account – well into January 2009 –
8  which precluded Plaintiff from obtaining the refinancing.  SOF ¶¶ 32 – 34.

9  Contrary to SCS's assertions, Plaintiff did in fact disclose the letter he
10 received from the Bank of England in July 2010 indicating that the continued
11 reporting by SCS of the derogatory account was precluding him from favorable
12 refinancing of his home mortgage.  (See copy of Plaintiff's Initial Disclosure
13 Statement dated August 6, 2009, and pages marked WOLKOW 0000021-25,
14 attached as Exhibit M to Plaintiff's Response to SCS's Statement of Facts).

15 At this time, the issue of damages or reliance by Plaintiff is not before the
16 Court and should not be the basis for denial of Plaintiff's motion.  Plaintiff seeks
17 only partial summary judgment as to SCS's liability.

**G.  SCS's Use of Statements Made at the Settlement Conference Are Improper and Excluded under F.R.E. 408 and this Court's Order.**

20 Finally, SCS states on page 2 of its response that "despite requests for
21 disclosure on certain key factual issues, Wolkow and his counsel ignored the
22 inquiries."  SCS has failed to show that any specific discovery requests were
23 made concerning these "key factual issues." Moreover, SCS has failed to show
24 that these "key factual issues" are even relevant to Plaintiff's claims or SCS's
25 defenses in this case.

1  SCS's counsel's letter attached to his Declaration requesting information
2  dealt with statements that were made during the settlement conference with
3  Magistrate Judge Voss. However, this Court's order setting the settlement
4  conference clearly stated that "all communications and information exchanges
5  made in the settlement conference not otherwise discoverable will not be
6  admissible as evidence for any purpose." Had SCS's counsel believed that these
7  "key factual issues" were discoverable, he should have made a timely discovery
8  request for that information.[2] He did not, and is now trying to use his letter
9  referring to discussions at the settlement conference to somehow support SCS's
10 opposition to Plaintiff's motion.

The statements made in McGill's Declaration do not meet the standard of personal knowledge, are not relevant to the issues before the Court, and should not form the basis for denying Plaintiff's motion for partial summary judgment.

**H.   Conclusion.**

Plaintiff has shown that there are no material facts in dispute, and that he is entitled to partial summary judgment on the issue of SCS's liability. Therefore, Plaintiff's motion for partial summary judgment should be granted.

/ / /

/ / /

---

[2] This Court denied Defendant's Motion for a 30-Day Extension of the discovery deadline by Minute Entry date February 2, 2010 (Dkt. No. 41).

RESPECTFULLY SUBMITTED: __April 23, 2010__ .

           __s/ Floyd W. Bybee__
Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
2473 S. Higley Road
Suite 104-308
Gilbert, AZ  85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that on __April 23, 2010__, a copy of this document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Gregory G. McGill**
Attorney for Defendant

by __s/ Floyd W. Bybee__